## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, | No. 4:22-CV-01686 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| HEATHER FRANZONI, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 24, 2023

Plaintiff Christian Owens filed the instant *pro se* Section 1983[1] action while incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania. He has since been released from custody. Because it is clear from the face of Owens' complaint that he cannot state a claim for relief, the Court will dismiss his case.

## I.    STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[2] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same

---

[1]    42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]    28 U.S.C. § 1915(e)(2)(B)(ii).

standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[8] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[9]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[10] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Because Owens proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[12]

## II.   DISCUSSION

As best the Court can ascertain, Owens is asserting claims related to a different lawsuit that he recently filed regarding alleged food tampering at Franklin County Jail.[13]  In the instant lawsuit, he sues 13 additional defendants but does not state a claim for relief against any of them.  This is primarily because Owens attempts to utilize vicarious liability to assert his claims against the new Defendants, which theory of liability is inapplicable to Section 1983 actions.  The Court will briefly discuss the incurable deficiencies with Owens' complaint.

---

[9]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]   *Iqbal*, 556 U.S. at 681.
[12]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[13]   *See generally Owens v. Deb*, No. 4:22-cv-01571 (M.D. Pa.).

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[14]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[15]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[16]

Most of Owens' allegations sound in *respondeat superior*, or vicarious liability.  As to defendant Heather Franzoni, Owens asserts only that she is "in charge of inmate custody" and "has power to pull people out of [the] kitchen" and she should have done "something about [his] food."[17]  Similarly, with respect to defendant J. Lord, Owens merely alleges that Lord "handles diet" at Franklin County Jail and put him on a "high protein diet," and that Lord has "done nothing about" the food-tampering issues.[18]

Owens also names nine lieutenant corrections officers.  As to their involvement in his alleged constitutional deprivation, Owens states only that "they

---

[14]   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[15]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).

[16]   *Id.* (quoting *Rode*, 845 F.2d at 1207).

[17]   Doc. 1 at 5.

[18]   *Id.* at 5, 6.

should have been made aware of [his] claims and tried to do something on [his] behalf" but instead they "did nothing" and "sat back and let it happen."[19]  Finally, according to Owens, defendant James Stanat "is in charge of mental health" and likewise "did nothing except tell [him] to file grievances."[20]  These allegations are quintessential *respondeat superior* claims, a theory of liability that simply does not apply to Section 1983 lawsuits.

### B.    Additional Claim

There is only one claim in Owens' complaint that appears to be unrelated to the food-tampering issue.  Owens alleges that defendant Hairing, a mental health provider, "took [Owens'] clothes on July 14" because he refused to see Hairing for mental health.[21]  It is unclear what type of constitutional tort Owens believes this incident implicates.[22]  And the Court cannot independently conceive of one.  If Owens is attempting to raise an Eighth Amendment claim for deliberate indifference to serious medical needs (because Hairing is a health care provider), his allegations fall woefully short of stating "a serious medical need" or "acts or omissions by prison officials that indicate deliberate indifference to that need"[23] (the two elements of a medical indifference claim), let alone conduct by Hairing

---

19   *Id.* at 6.
20   *Id.*
21   *Id.* at 4, 6.
22   Nowhere in Owens' complaint does he identify what type of Section 1983 claim he is raising or which constitutional amendment he is relying on.
23   *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

that demonstrates "unnecessary and wanton infliction of pain."[24]  Simply put, Owens' allegations against Hairing do not come close to plausibly stating any sort of Section 1983 claim.

### C.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [28 U.S.C. § 1915(e)(2)] should receive leave to amend unless amendment would be inequitable or futile."[25]  Here, leave to amend will be denied because amendment would be futile.  Owens' allegations do not, and cannot, state a Section 1983 claim against any Defendant.

## III.    CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Owens' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[25]  *Grayson*, 293 F.3d at 114.